## Case No. 5,808.

### GRIDLEY v. NORTHWESTERN MUT. LIFE INS. CO.

[14 Blatchf. 107.] [1]

Circuit Court, E. D. New York. Jan. 27, 1877. [2]

LIFE INSURANCE — ANSWER TO QUESTIONS IN APPLICATION BLANK—HEREDITARY INSANITY.

This question was put to the applicant for a policy of insurance in a life insurance company: "Have the person's parents, uncles, aunts, brothers or sisters been afflicted with consumption, scrofula, insanity, epilepsy, disease of the heart, or any other hereditary disease?" He answered, "No, except one brother temporarily insane six years since; causes, domestic and financial trouble, followed by hard drinking and excessive use of opium and morphine. Recovery followed reformed habits. No hereditary taint of any kind in family, on either side of house, to my knowledge." The policy having been afterwards issued, in a suit brought on it the defendant proved the temporary insanity of an uncle of the applicant, but there was no evidence of any hereditary insanity in the family of the applicant: Held, that the question put to the applicant was only an inquiry whether any of the diseases mentioned in it had appeared among the relatives of the applicant in the form of an hereditary disease; that

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]
[2] [Affirmed in 100 U. S. 614.]

the applicant understood it in that sense; and that the answer was true.

[Cited in Sinclair v. Phoenix Mut. Ins. Co., Case No. 12,896.]

[See note at end of case.]

[This was an action at law by Mary L. Gridley, against the Northwestern Mutual Life Insurance Company.]

Sewell & Pierce, for plaintiff.

Salomon & Burke, for defendant.

BENEDICT, District Judge. This is a motion for a new trial. The action is brought upon a policy of insurance, issued by the defendant upon the life of Fayette R. Gridley. The question of law presented is as to the proper construction to be put upon a question contained in the application for the policy, and on the answer given thereto by the applicant. The question is as follows: "Have the person's parents, uncles, aunts, brothers, or sisters been afflicted with consumption, scrofula, insanity, epilepsy, disease of the heart, or any other hereditary disease?" The answer given is as follows: "No, except one brother temporarily insane six years since; causes domestic and financial trouble, followed by hard drinking, and excessive use of opium and morphine. Recovery followed reformed habits. No hereditary taint of any kind in family, on either side of house, to my knowledge."

Upon the trial the defendant proved the temporary insanity of an uncle of the applicant. There was no evidence of knowledge of this fact by the applicant, and no evidence showing any hereditary insanity in the family of the applicant. Upon this evidence it is claimed, in behalf of the defendant, that the plaintiff cannot recover, upon the ground that the question and answer above referred to are not confined to hereditary insanity, and that proof of the temporary insanity of an uncle of the applicant showed the answer to this question in the application to be false in a material respect, and that, therefore, the policy is void by its terms. But I am unable to agree to this construction of the question and answer under consideration. I fail to see any incongruity in the question, if it be understood as confined to hereditary disease. It may be that the diseases enumerated in the question are not in all cases hereditary, but all of them sometimes take the form of hereditary diseases; and the word "other," to my mind, plainly indicates that the question was intended to be an inquiry, whether any of the diseases mentioned had appeared among the relatives of the applicant in the form of an hereditary disease. This construction of the question derives support from the fact that the question is put in respect to the parents, uncles, aunts, brothers or sisters of the applicant. The point of the inquiry was, whether any hereditary taint had been developed. If this meaning of the question be not plainly expressed by its language, it is manifest that the applicant understood it in this sense, for, having answered the question by the unqualified negative "No," he then mentions the insanity of a brother, and explains how this fact is consistent with the negative he has given, by showing that the insanity of his brother was temporary; and he sums up his answer in the statement, "no hereditary taint of any kind in family, to my knowledge," which is equivalent to saying, "none of the hereditary diseases mentioned in the question I am answering, nor any other hereditary disease, has appeared in my family." So understood, the answer was true.

Entertaining this view of the proper construction of this application, I must adhere to the ruling made at the trial and deny the motion for a new trial.

[NOTE. The insurance company appealed to the supreme court, where the decision of the circuit court was affirmed in an opinion by Mr. Justice Swayne (100 U. S. 614). The defense upon the trial should have proved three things: That the alleged insanity of the uncle had existed, that it was hereditary, and that both these things were known to the applicant when he answered the question. The subject had been fully considered in National Bank v. Insurance Co., 95 U. S. 673. "The intent of the lawmakers is the law, and here the intent of the parties is the contract." The contract was narrowed down to what the applicant knew personally of the subject of hereditary insanity.]